IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY STEVEN BOWMAN,

      Plaintiff,                    No. CIV S-07-2164 FCD KJM P

      vs.

ARNOLD SCHWARZENEGGER, et al.,

      Defendants.          <u>ORDER</u>

                               /

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action challenging the application of Jessica's law[1] to him; this statute restricts the areas where those required to register as sex offenders may live. In accordance with this court's order of October 23, 2008, plaintiff has filed a request to file a further opposition to the defendants' motion to dismiss or to stay the action and has attached the pleading he wishes the court to consider. This request is appropriate. Plaintiff has filed a number of pleadings, purporting to address aspects of defendants' motion; he is cautioned that the court will not consider these in light of his latest, comprehensive filing (docket no. 48), and will not consider any other, later filed pleadings in opposition to the motion to dismiss.

---

[1] California Penal Code section 3003.5

1    Plaintiff also has filed a request for a temporary restraining order, seeking to
2 restrain the defendants from applying California Penal Code section 3060.7, which governs the
3 actual day of release on parole, and to challenge certain conditions that will be imposed when he
4 is released from custody.

5    The purpose in issuing a temporary restraining order is to preserve the status quo
6 pending a fuller hearing.  Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423,
7 439 (1974).  Plaintiff has not asked for a preliminary injunction nor asked for a hearing on such
8 a request.  More central to this court's role, however, is that granting plaintiff's request would
9 not preserve the status quo.

10    In Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994), the inmate plaintiff sought
11 an injunction preventing the defendants from filing false disciplinary charges and taking other
12 actions in retaliation for the underlying lawsuit, in which plaintiff challenged his medical care.
13 The Court of Appeal observed:

> [A] party moving for a preliminary injunction must necessarily
> establish a relationship between the injury claimed in the party's
> motion and the conduct asserted in the complaint.  It is self-evident
> that [plaintiff's] motion for temporary relief has nothing to do with
> preserving the district court's decision making power. . . .
> Although these new assertions might support additional claims
> against the same prison officials, they cannot provide the basis for
> a preliminary injunction in this lawsuit.

19 Id. (citations omitted); see also Omega World Travel v. Trans World Airways, 111 F.3d 14, 16
20 (4th Cir. 1997); Lebron v. Armstrong, 289 F.Supp.2d 56, 61 (D. Conn. 2003).  If this showing of
21 relationship is not made, the court should not consider the factors for the issuance of preliminary
22 relief.  In re Microsoft Antitrust Litigation, 333 F.3d 517, 526 (4th Cir. 2003).

23    Plaintiff's status as a 290[2] registrant is the factor that renders him arguably subject
24 to Jessica's law and to the delayed release that flows from the application of section 3060.7.

---

[2] California Penal Code section 290.

2

1 | Nevertheless, his request for temporary injunctive relief is not sufficiently related to the claim in his underlying suit so as to make the entry of temporary injunctive relief appropriate.

IT IS HEREBY ORDERED that:

1. Plaintiff's request to file further opposition to the motion to dismiss (docket no. 49) is granted and the court will consider the opposition filed November 3, 2008 (docket no. 48) as timely; defendants' reply, if any, is due within thirty days of the date of this order; and

2. Plaintiff's motion for a temporary restraining order (docket no. 50) is denied.

DATED:  November 24, 2008.

_____
U.S. MAGISTRATE JUDGE

2

bowm2164.tro

3