IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY STEVEN BOWMAN,

    Plaintiff,　　　　　　　　　　　　No. CIV S-07-2164 FCD KJM P

  vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.　　　　　　　　　　　ORDER

_____/

       Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Several matters are pending before the court.

I. Motion To Appoint Counsel

       Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

II. Request For An Advisement To Defendants

Plaintiff asks the court to advise or order the defendants to label their correspondence as legal mail because there is a ten to fifteen day delay in processing regular mail. The court declines to enter into these day to day management issues as a general matter and also because there is simply no indication that plaintiff has taken the basic step of contacting plaintiff's counsel with his request. This motion is frivolous.

Plaintiff is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to the court where it is determined that he has filed excessive motions in a pending action. DeLong v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F2d 351, 352 (10th Cir. 1989).

III. Motion For An Order Directing Access To The Law Library

Although plaintiff attaches several forms suggesting that he has had and continues to have access to the law library and that he has received and continues to receive paper and forms, he claims that these are misleading and that he is being denied access to the law library. He asks this court to order the institution to give him increased access.

An inmate's right of access to the law library is not an end of itself but is rather one facet of the inmate's right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996) (there is no freestanding constitutional right to law library access for prisoners). A prisoner claiming that his right of access to the courts has been violated due to inadequate library access must show that: 1) access was so limited as to be unreasonable, and 2) the inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). Plaintiff has not alleged that he is under a deadline in this case or that he has been prevented from filing documents in this court; the history of the instant litigation belies this.

IV. Request For Ruling On Parole Statutes

Plaintiff has filed a "request for a ruling to determine if the statutes in Chapter 8 of the Cal Penal Code are parole statutes." Although not entirely clear, this document appears

to be some sort of second reply to the defendants' opposition to plaintiff's motion for summary judgment, for he asks the court to address a point of law he claims defendants failed to address in their opposition.  It also appears to address aspects of the case which the court stayed pending decision of the California Supreme Court.

The Local Rules of this court recognize that motions, oppositions, and replies shall be filed within the time periods set forth in the rules; the rules do not countenance a party's continuous filings outside the schedule. L.R. 78-230(m); see also Kane Gas Light And Heating Company v. Penzoil Company, 587 F.Supp. 910, 913 (W.D. Penn. 1984) (arguments and evidence not included in the appropriate pleading constitutes "sandbagging" and is not permissible).  Although he is proceeding in pro per, plaintiff must follow the rules of procedure. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Should plaintiff continue to flout the rules of procedure, he may be subject to sanctions, including dismissal of the action.

Moreover, to the extent that plaintiff is asking for a ruling on a portion of the litigation which has been stayed, his request is improper.  Further such requests may also subject defendant to sanctions.

V.  Defendants' Failure To Answer

On April 16, 2009, the district court adopted this court's recommendation and granted defendants' motion to stay part of the action but denied their motion to dismiss the remaining portion.  Defendants have not filed their answer.  F.R.Civ.P. 12(a)(4)(A).

IT IS HEREBY ORDERED that

1. Plaintiff's motion for the appointment of counsel (docket No. 132) is denied;

2.  Plaintiff's request for an advisement to the defendants (docket no. 131) is denied;

3. Plaintiff's motion for an order directing the prison to give him increased access to the law library (docket no. 130) is denied;

/////

4. Plaintiff's request for ruling on parole statutes (docket no. 128) is denied and is stricken from the record; and

5. Defendants' answer is due within ten days of the date of this order.

DATED: November 19, 2009.

U.S. MAGISTRATE JUDGE

2/mp
bowm2164.31