IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY STEVEN BOWMAN,

        Plaintiff,                    No. CIV 07-2164 FCD KJM P

   vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.             ORDER

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983.  His original complaint and amended complaint challenged conditions of his "high control" parole status and restrictions placed on him by his obligation to register as a sex offender.

        On January 7, 2010, the court granted plaintiff's motion to file a second amended complaint raising only challenges to the residency restrictions of California's Jessica's Law (Cal. Penal Code § 3003.5(b)), but stayed the case until the California Supreme Court's resolution of In re E.J., 47 Cal.4th 1258 (2010).  After the E.J. decision was issued, this court lifted the stay and directed plaintiff to file his second amended complaint.

        On May 25, 2010, plaintiff sought leave to include challenges to the state's high risk sex offender evaluations.  The court denied the motion on June 10, 2010, noting that this would delay the litigation while the claims were screened, that the amendment might require the

1

addition of new defendants, and that plaintiff had not explained why he had not raised these claims earlier.

Plaintiff has now filed a motion for clarification. He says that he asked to add the Attorney General as a defendant in his Jessica's Law challenge and that the Attorney General would be a defendant in his challenges to the various high risk sex offender procedures. He also says he wishes to add at least one additional defendant in connection with his Jessica's Law challenge. Finally, he argues that he has now been deemed a high risk sex offender, something that occurred while this action was stayed. This challenge is not related to the Jessica's Law challenge and would be based on different facts and transactions. It is not appropriate, particularly at this stage in the litigation, to add unconnected claims to this case. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for clarification (docket no. 156) is denied; and

2. Plaintiff's motion for an extension of time (docket no. 157) is granted and plaintiff is given an additional fourteen days in which to file his second amended complaint as provided by the court's previous order.

DATED: June 23, 2010.

_____
U.S. MAGISTRATE JUDGE

2
bowm2164.amd